MARGARET HUNT, PLAINTIFF, v. JAMES L. HEANEY, DEFENDANT.

Submitted May term, 1927—Decided October 27, 1927.

**Contracts—Money Expended in Supporting Defendant's Wife and Child—Judgment for Plaintiff—Defendant Claims Verdict Excessive and Against Weight of Evidence—Held, Not so, Also That Verdict is Not in Disregard of Law as Charged by the Court.**

On rule.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff, *Quinn, Parsons & Doremus.*

For the defendant, *James R. McDermit* and *William V. Azzoli.*

PER CURIAM.

This suit seeks to recover from the defendant for services rendered and for moneys expended in supporting the defendant's wife and child. It is alleged in the complaint, in the first count, that at his request the plaintiff rendered services for the defendant, as a general housekeeper and manager, from May 1st, 1925, to September 1st, 1926, for which there is due $1,200.

The second count is for the same services, under an implied promise, and agreement to pay the reasonable value of such services. The third count alleges there is due to the defendant $13,000 as a reasonable value of the necessities furnished to the defendant's wife and son.

The fourth and fifth counts allege a promise to reimburse the plaintiff for such expenditures.

The trial resulted in a verdict for the plaintiff for the sum of $9,024. The defendant obtained a rule to show cause

reserving exceptions and writes down three reasons for a new trial—*first,* the verdict is against the weight of the evidence; *second,* the damages are excessive. We do not find this to be so; *third,* the verdict is clearly in disregard for the law as charged by the court to the jury. But the plaintiff argues that the charge of the trial court was more adverse to the plaintiff than the facts warrant. *Freeman* v. *Ackerson,* 94 *N. J. L.* 308. We think this point is not sustained by a reading of the testimony. It may also be added, the promise made by the defendant to reimburse the plaintiff for the expenses made by the plaintiff is not involved in any of the above reasons.

The rule to show cause is therefore discharged.